LINDA BALDWIN JONES, Bar No. 178922
ROBERTA D. PERKINS, Bar No. 153074
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail:	lbjones@unioncounsel.net
	rperkins@unioncounsel.net
	courtnotices@unioncounsel.net

NOREY LEE NAVARRO, Bar No. 348231
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd. Suite 1020
Los Angeles, California 90017
Telephone (213) 380-2344
Fax (213) 443-5098
E-Mail:	nnavarro@unioncounsel.net

Attorneys for Plaintiffs BOARD OF TRUSTEES OF THE OPERATING ENGINEERS LOCAL 501 SECURITY FUND; BOARD OF TRUSTEES OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE OPERATING ENGINEERS LOCAL 501 SECURITY FUND; BOARD OF TRUSTEES OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS,<br><br>Plaintiffs,<br><br>v.<br><br>NEXT CENTURY PARTNERS, LLC; FHR CENTURY PLAZA HOTEL MANAGEMENT COMPANY, LLC FOR FAIRMONT CENTURY PLAZA HOTEL,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION**<br><br>ERISA 29 U.S.C. § 1001, et seq., 29 U.S.C. § 185) |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

## PARTIES

1. At all times mentioned, Plaintiff, the Board of Trustees of the Operating Engineers Local 501 Security Fund were and are Trustees for the Operating Engineers Local 501 Security Fund ("Security Fund"). The Security Fund was and is now an employee benefit plan created by a written Trust Agreement subject to and pursuant to § 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186, and a multi-employer employee benefit plan within the meaning of §§ 3, 4 and 502 of ERISA, 29 U.S.C. §§ 1002, 1003, and 1132. The Security Fund was created and is maintained for the purpose of providing health and welfare benefits to plan participants and beneficiaries.

2. The Security Fund is administered by the Board, which is authorized to bring this action in the name of the Security Fund pursuant to the express provisions of the Security Fund Trust Agreement.

3. At all times mentioned, Plaintiff Board of Trustees were and are Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("CPF"). The CPF was and is an employee benefit plan created by a written Trust Agreement subject to and pursuant to § 302 of the LMRA, 29 U.S.C. § 186, and a multiemployer employee benefit plan within the meaning of §§ 3, 4 and 502 of ERISA, 29 U.S.C. §§ 1002, 1003 and 1132. The CPF is maintained for the purpose of providing retirement benefits to plan participants and beneficiaries.

4. The CPF is administered by the Board, which is authorized to bring this action in the name of the CPF pursuant to the express provisions of the CPF Trust Agreement.

5. The Security Fund and CPF are informed and believe and on that basis allege that at all times mentioned Defendant Next Century Partners, LLC ("Next Century") was and is now a limited liability company in good standing registered to do and doing business in the State of California.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

2
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

6. The Security Fund and CPF are informed and believe and on that basis allege that at all times mentioned, Next Century was and is now the owner of the Fairmont Century Plaza Hotel located at 2025 Avenue of the Stars, Los Angeles, California ("Hotel") and was and is now an employer under ERISA.

7. The Security Fund and CPF are informed and believe and on that basis allege that at all times mentioned Defendant FHR Century Plaza Hotel Management Company, LLC ("FHR") was and is now a limited liability company in good standing registered to do and doing business in the State of California.

8. The Security Fund and CPF are informed and believe and on that basis allege that at all times mentioned, FHR was acting as agent for and on behalf of Next Century in connection with the operation of the Hotel.

9. The Security Fund and CPF are informed and believe and on that basis allege that at all times mentioned, FHR was an employer under ERISA and the manager of the Hotel with the responsibility for all aspects of the day-to-day operation of the Hotel.

## JURISDICTION AND VENUE

10. This action arises under and is brought pursuant to § 502 of ERISA, 29 U.S.C. § 1132, and § 301 of the LMRA, 29 U.S.C. § 185. Jurisdiction in this Court is proper under 29 U.S.C. § 1331. Venue properly lies with this Court as contributions to the Security Fund are due and payable in West Covina, Los Angeles County, California.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

11. At all times mentioned, Next Century was signatory to a collective bargaining agreement ("CBA") with the International Union of Stationary Engineers Local 501 ("Union") under which Next Century was obligated to make contributions to the Security Fund for covered employees to provide health and welfare benefits.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

3
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

12. At all times mentioned, FHR on behalf of Next Century for the Hotel was signatory to a Subscriber's Participation Agreement ("SF Participation Agreement") with the Security Fund under which FHR agreed it would make contributions to the Security Fund based on hours worked or paid to each covered employee in the prior month. Under the SF Participation Agreement FHR agreed, among other things, to "accept, assume and be bound by all of the obligations imposed on employers by the Trust Agreement, all amendments thereto, and all plans, rules, regulations and policies established thereto."

13. At all times mentioned, the Revised Agreement and Declaration of Trust (1996 Restatement) ("SF Trust Agreement") for the Security Fund provides:

> Upon notice in writing from the Trustees, or an authorized agent or delegate, an Employer must permit an auditor or other authorized representative of the Trust Fund to enter upon the premises of such Employer at a mutually agreeable time during regular business hours to examine and copy such records as may be necessary to determine whether the Employer is making full and prompt payment of all sums required to the Trust Fund. These records shall be maintained in California or Nevada in a centralized location. Such examination may be undertaken pursuant to a routine payroll audit program or on an individual basis.

14. The SF Trust Agreement provides that the auditor may request additional documents which must be made available by the employer and provides for the payment of liquidated damage and interest on all delinquent contributions, administrative fees, attorneys' fees and other collection costs incurred in connection with an audit.

15. The SF Trust Agreement authorizes the Board to take any steps or actions, legal or otherwise, that the Board deems necessary to enforce the obligations under the Trust Agreement, including the obligation to provide documents to the Security Fund's auditors for compliance testing purposes.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

4
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

16. At all times mentioned, Next Century was signatory to a CBA with the Union that required Next Century to make contributions to the CPF as specified in the CBA for covered employees. Under the CBA, Next Century agreed to be bound by the "Agreement and Declaration of Trust entered into as of September 7, 1960, establishing the Central Pension Fund of the International Union of Operating Engineers and Participating Employers and by any amendments to said Trust Agreement."

17. At all times mentioned, FHR on behalf of Next Century for the Hotel was signatory to the CPF's Participating Agreement ("CPF Participating Agreement") under which it agreed to make contributions to the CPF as specified in the CPF Participating Agreement. FHR acknowledged the existence of the CPF's Agreement and Declaration of Trust and agreed "to be bound by and comply with each and every provision of the [Trust] Agreement, as it may be amended."

18. At all times mentioned, the Restated Agreement and Declaration of Trust of the CPF ("CPF Trust Agreement") provides:

> Each Employer shall promptly furnish to the Trustees or its authorized representative, on demand, the names of all such Employer's Employees, their Social Security numbers, each Employee's Earnings Records, the number of hours worked by each Employee and all Federal and State payroll tax returns, and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, audit and examine the pertinent employer and payroll records of each Employer, as described above, at the Employer's place of business, whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

5
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

19. The CPF Trust Agreement provides for the payment of liquidated damage and interest on all delinquent contributions, attorneys' fees, and other collection costs incurred in connection with an audit.

20. The CPF Trust Agreement allows the Board to undertake all acts, whether or not expressly authorized in the Trust Agreement, which the Trustees may deem necessary or proper for the protection of property held under the Trust Agreement.

21. On or around May 31, 2022, Withum Smith + Brown ("Withum"), auditors for the CPF and the Security Fund notified the Hotel that the Trustees for the CPF and the Security Fund requested Withum to perform testing of the payroll records of the Hotel for the period of January 1, 2019 through the present, to determine that contributions to the Trusts have been properly paid. Withum listed the documents needed to conduct the testing and requested the Hotel contact Withum to make arrangements to provide electronic records through Withum's secure file transfer platform. There was no response to this request.

22. On March 3, 2023, Withum sent another request to the Hotel for the documents needed to conduct the compliance testing. Withum requested that documents be provided no later than March 17, 2023 so that the auditors could complete testing in a timely manner. There was no response to this request.

23. On March 21, 2023, Withum sent a third request to the Hotel for the documents needed to conduct the compliance testing. Withum requested the documents be provided by April 4, 2023, and indicated that if there was no response, the matter would be referred to Trust legal counsel for further handling. There was no response to this request.

24. Demand letters for the documents were sent on behalf of the Security Fund and the CPF by Fund counsel on April 25, 2023, June 27, 2023, August 15, 2023, and October 16, 2023. There was no response to any of the demand letters sent by Fund counsel.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

6
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

# FIRST CLAIM FOR RELIEF—AUDIT

25. Plaintiffs refer to paragraphs 1 through 24, inclusive, and by such reference incorporate them herein as though fully set forth.

26. The Board of Trustees of the Security Fund has as one of its purposes the obligation to ensure that contributions required to be made to the Security Fund pursuant to CBAs are fully and correctly made. The purpose of the Security Fund is to provide health and welfare benefits for Operating Engineers on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatory to such agreements comply with the terms of the agreements with respect to the payment of contributions to the Security Fund.

27. The Board of Trustees of the CPF has as one of its purposes the obligation to ensure that contributions required to be made to the CPF pursuant to CBAs are fully and correctly made. The purpose of the CPF is to provide pension benefits for Operating Engineers on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatory to such agreements comply with the terms of the agreements with respect to the payment of contributions to the CPF.

28. The Security Fund and the CPF cannot determine whether Next Century and FHR as employers have made prompt and correct payment of all contributions required to be made to the Security Fund and the CPF under the CBAs, the SF Participation Agreement, and the CPF Participating Agreement without conducting the requested compliance testing.

29. Next Century, FHR, and the Hotel have each failed, refused, or neglected to allow the inspection of the books, records, papers, and reports sought by Withum in accordance with the provisions of the SF Trust Agreement and the CPF Trust Agreement. As a result of such refusal to submit to the audit, Plaintiffs are unable to ascertain whether the Security Fund and/or the CPF have suffered any damages, and if so, the nature and amount of such damages. Plaintiffs have no

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

7
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

adequate remedy at law. The individual participants and beneficiaries of the Security Fund and the CPF on whose behalf contributions may not have been made are damaged thereby and have no adequate remedy at law.

30. The Security Fund and the CPF are intended third party beneficiaries of their respective CBAs, but contribution delinquencies to both Funds are excluded from the arbitration provision of each CBA.

31. Plaintiffs have complied with all conditions on their part to be performed under the terms of their respective Trust Agreements.

32. Plaintiffs are entitled to reasonable attorneys' fees, interest, liquidated damages, administrative fees, and other reasonable expenses incurred in connection with this matter due to Defendants', and each of their failure and refusal to provide the required books and records to allow the testing to go forward pursuant to the terms of the SF Trust Agreement, the CPF Trust Agreement, the SF Participation Agreement, the CPF Participating Agreement, and ERISA section 520(g), 29 U.S.C. § 1132(g).

## SECOND CLAIM FOR RELIEF—BREACH OF CONTRACT

33. Plaintiffs refer to paragraphs 1 through 32, inclusive, and by such reference incorporate them herein as though fully set forth.

34. Defendants, and each of them, have failed, neglected, or refused to allow auditors for the Security Fund and the CPF to access the records requested and needed to conduct compliance testing to determine whether contributions have been fully paid to each Fund as required by the CBA, in violation of the SF Trust Agreement, the CPF Trust Agreement, the SF Participation Agreement, the CPF Participating Agreement, and applicable federal law.

35. The conduct of Defendants, and each of them, has prevented the Security Fund and the CPF from conducting the necessary compliance testing, all to each of their damage, according to proof.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

8
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

36. Plaintiffs are informed and believe that compliance testing will show that Defendants have failed to make the appropriate fringe benefit contributions to the Security Fund and the CPF as required under the MOU, the SF Participation Agreement, and the CPF Participating Agreement, all to each of their damage in an amount to be determined.

## THIRD CLAIM FOR RELIEF—INJUNCTION

37. Plaintiffs refer to paragraphs 1 through 36, inclusive, and by such reference incorporate them herein as though fully set forth.

38. Unless enjoined by this Court, Defendants, and each of them, will continue to fail and refuse to submit to an audit of its books and records conducted by the Security Fund and the CPF. Such continued refusal results in irreparable harm to Plaintiffs, and each of them, in that it prevents the Trustees for the Security Fund and the CPF from carrying out their fiduciary obligations to collect and preserve fund assets, for which there exists no adequate remedy at law.

## PRAYER

WHEREFORE, the Security Fund and the CPF pray judgment against Next Century and FHR as follows:

1. An order issue compelling Next Century and FHR to submit to a full audit by Withum, by uploading documents to Withum's secure file sharing platform, or to allow the auditors to examine and copy such books, records, papers, and reports maintained by Next Century and FHR relevant to the enforcement of the CBA and in compliance with the SF Trust Agreement, the SF Participation Agreement, the CPF Trust Agreement, and the CPF Participating Agreement, including, but not limited to:

> Transmittals (monthly contribution reports) to each Trust for the period January 1, 2019 through present;
>
> Payroll registers or other documents which show the wages paid/worked and hours paid/worked by week for ALL employee from January 1, 2019 through present;

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

9
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

Timecards for ALL employees for the period January 1, 2019 through present;

Job classification documentation for ALL employees including employees not reported to the Trusts (i.e., workers compensation reports, screen shot of job title or job description from human resource database, department/job code etc.) from January 1, 2019 through present;

Cash Disbursement Journals including date, payee, check number and amount for the following quarters (this information usually comes from the accounts payable department and can be a check register, general ledger, or accounts payable journal. If this information is unavailable, a complete Vendor List may be acceptable) from January 1, 2019 through present;

Transaction or payment registers listing all payments, including the most recent invoice, made to the Trust Funds during January 1, 2019 through present; and

California Wage and Withholding Reports (Forms DE-9C) including employee's name, social security number, and gross taxable wages during January 1, 2019 through present.

2. An order issue requiring Defendants, and each of them, to pay actual damages, according to proof;

3. The issuance of an injunction compelling Defendants and each of them to immediate cease their refusal to submit to an audit of their books, records, papers, and reports, as required by the Trust Agreements to which they are bound;

4. Upon completion of the audit, Defendants and each of them be ordered to pay all sums determined to be due and owing, with interest;

5. An order directly and permanently enjoining Defendants, and each of them to timely submit to the Security Fund and CPF all reports and contributions due and owing by the Defendants, plus interest, attorneys' fees, and costs as provided in ERISA §§ 502(a)(3) and (g)(2), 29 U.S.C. §§ 1132(a)(3), (g)(2);

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

10
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

6. An order permanently enjoining the Defendants and each of them, for so long as each remains obligated to contribute to the Security Fund and the CPF, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the CBA, the SF Trust Agreement, the CPF Trust Agreement, the SF Participation Agreement, the CPF Participating Agreement, and ERISA §§ 502(a)(3) and (g)(2), 29 U.S.C. §§ 1132(a)(3), (g)(2);

7. Attorneys' fees according to proof;

8. Cost of suit incurred;

9. Such other further relief as the Court deems just and proper; and

10. The Court retain jurisdiction over this matter to enforce the Order compelling an audit and payment of all amounts found to be due and owing.

Dated: February 14, 2024

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /S/ ROBERTA D. PERKINS
ROBERTA D. PERKINS

Attorneys for Plaintiffs BOARD OF TRUSTEES OF THE OPERATING ENGINEERS LOCAL 501 SECURITY FUND; BOARD OF TRUSTEES OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS

157552\1441742

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

11
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.